UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DANIEL RODRIGUEZ,<br><br>       Plaintiff,<br><br>   vs.<br><br>COUNTY OF CONTRA COSTA, OAKLEY POLICE DEPARTMENT, CITY OF OAKLEY, PITTSBURG POLICE DEPARTMENT, CITY OF PITTSBURG, ROGER CANADY, individually and in his capacity as a police officer for the City of Oakley; and DOES 1-50, inclusive,<br><br>       Defendants. | Case No: C 13-02516 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS PITTSBURG POLICE DEPARTMENT AND CITY OF PITTSBURG'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Dkt. 11 |

      Plaintiff Daniel Rodiguez brings the instant excessive force action under 42 U.S.C. § 1983 against the Pittsburg Police Department and the City of Pittsburg (collectively "Defendants")[1], among others. The Court has original jurisdiction over Plaintiff's § 1983 claims and supplemental jurisdiction over his related state law causes of action. 28 U.S.C. § 1331, 1367.

      The parties are presently before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. Dkt. 11. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss for the reasons set forth below. The Court, in its

---

[1] Unless otherwise noted, all further references to "Defendants" shall mean specifically the Pittsburg Police Department and the City of Pittsburg.

discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

The following facts are taken from the Complaint, which, for purposes of this motion, are accepted as true.  On November 25, 2012, Plaintiff was walking home from his job as a handyman at a local motel.  Compl. ¶ 9, Dkt. 1.  As Plaintiff approached his mother's house in Oakley, Oakley Police Officer Roger Canady drove up in his police cruiser and ordered Plaintiff to lie down on the ground.  Id. ¶ 9.  Unbeknownst to Plaintiff, Officer Canady was in pursuit of an armed robbery suspect who had robbed a liquor store located a short distance away.  Id. ¶ 10.

Plaintiff asked why he was being ordered to lay down.  Id.  Officer Canady did not respond, and instead, took his police dog out of the car.  Id.  At this point, Plaintiff got on his knees and placed his hand behind his head.  Id. ¶ 11.  Officer Canady aimed his pistol at Plaintiff while yelling and screaming at him.  Id.  He then ordered his service dog to circle Plaintiff and then to attack him.  Id. ¶¶ 11-12.  Officers from the Pittsburg Police Department and the Contra Costa County Sheriff's Department arrived on scene and drew their weapons while shouting at Plaintiff to remain on the ground.  Id. ¶ 13.  The dog continued to attack and bite Plaintiff on his back, arms, legs and face.  Id.  At no time did any of the law enforcement officers attempt to stop the attack.  Id.

An unidentified police officer eventually pulled the dog off of Plaintiff and placed him in handcuffs.  Id. ¶ 15.  The officers summoned the robbery victim, the liquor store owner, to the scene.  Id.  Upon his arrival, the store owner said, "You have the wrong guy." Id.  Despite learning that they had detained the wrong person, the officers left Plaintiff in handcuffs on the ground.  Id.  In addition, none of the officers left to look for the actual suspect; instead, they stayed and taunted Plaintiff by calling him "insulting names."  Id.  A paramedic then arrived, and was advised that Plaintiff was a robbery suspect.  Id. ¶ 16.  The

paramedic laughed and commented, "He looks like a criminal." Id. Angry, Plaintiff told the paramedic to go "screw herself" and refused treatment. Id.

Notably, several witnesses were present and complained to the officers that the dog was used to attack the Plaintiff, who was defenseless. Id. ¶ 17. The officers told the witnesses to "shut up" and to go back inside their houses. Id. ¶ 18. Plaintiff's family members took Plaintiff back to the motel where he worked and summoned an ambulance. Id. Plaintiff was taken to the Delta Memorial emergency room, where he was treated for his injuries. Id. ¶ 19. The examination revealed that Plaintiff had 56 puncture wounds on his back, neck, arms and biceps. Id. He was treated and released. Id.

### B. PROCEDURAL HISTORY

On June 4, 2013, Plaintiff filed the instant action against: the County of Contra Costa; the Oakley Police Department; the City of Oakley; the Pittsburg Police Department; the City of Pittsburg; and Officer Canady. He alleges six claims for relief, styled as follows: (1) violation of 42 U.S.C. § 1983 based on the First, Fourth, Fifth, Eighth and Fourteenth Amendments; (2) assault and battery; (3) intentional infliction of emotional distress ("IIED"); (4) violation of California Civil Code § 51.7; (5) violation of California Civil Code § 52.1; and (6) negligence. Plaintiff seeks compensatory, statutory and punitive damages.

Defendants Officer Canady, City of Oakley, County of Contra Costa and Oakley Police Department filed their Answer on August 13, 2013. Dkt. 12.

Defendants City of Pittsburg and the Pittsburg Police Department have now filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. The matter is fully briefed and is ripe for adjudication.[2]

---

[2] There is no indication that Defendants met and conferred with Plaintiff prior to filing their motion to dismiss, as expressly required by the Court's Standing Orders. In the interest of expediting his matter, the Court will review Defendants' motion, notwithstanding their apparent non-compliance with the Orders of this Court. The parties are warned that the Court will not consider any other motion or non-stipulated request absent confirmation in the record that they have first met and conferred regarding the issue being presented.

## II.  LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., -- F.3d --, 2013 WL 5712731, at *3 (9th Cir. Sept. 3, 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III.  DISCUSSION

### A.  CONSTITUTIONAL VIOLATIONS PURSUANT TO 42 U.S.C. § 1983

#### 1.  City of Pittsburg

Defendants contend that the Complaint fails to allege a viable theory of liability under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by "a person" acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights, but a jurisdictional vehicle for vindicating federal rights elsewhere conferred. See Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2008) (citations omitted).

There is no respondeat superior liability under 42 U.S.C. § 1983. Monell v. Dep't of Soc. Serv. of N.Y., 436 U.S. 658, 692 (1978). Instead, to establish municipal liability under Monell, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) (citing cases). Specifically, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the defendant had a policy, custom or practice; (3) the policy, custom or practice amounted to a deliberate indifference to his constitutional rights; and (4) the policy, custom or practice was the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Mabe v. San Bernadino County, Dept. of Public Social Servs., 237 F.3d 1101, 1110-11 (9th Cir. 2001)).

Defendants argue that, as to the City of Pittsburg, Plaintiff is predicating liability solely on a theory of respondeat superior, as opposed to Monell. The basis of this contention is unclear, given that the Complaint *expressly* alleges that the City of Pittsburg, among others, "maintained, enforced, tolerated, permitted, acquiesced in, and applied *policies, practices, or customs"* that amounted to deliberate indifference to Plaintiff's constitutional rights. Compl. ¶ 7 (emphasis added). In addition, the pleadings specify the nature of those alleged policies, practices and customs. Id. ¶ 7a-f. The Court finds that Plaintiff has adequately alleged a § 1983 claim under Monell against the City of Pittsburg.

### 2. Pittsburg Police Department

Defendant next contend that the Pittsburg Police Department is not a proper party-defendant to a § 1983 claim. The Court agrees. Although municipalities, such as cities and counties, are amenable to suit under Monell, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983. Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995).

Plaintiff's reliance on Shaw v. State of California Department of Alcoholic Beverage Control, 788 F.2d 600 (9th Cir. 1986) is misplaced. Shaw held that for purposes of California law, a police department is a "public entity" under California Government Code § 811.2, and as such, "[a] Police Department may be sued in Federal court." Id. at 605. In

this case, the issue is not whether the Pittsburg Police Department may be sued in federal court. Rather, the question is whether the Pittsburg Police Department it is a proper party for purposes of a § 1983 claim, which <u>Shaw</u> did not address. Therefore, Pittsburg Police Department is dismissed as a party-defendant from Plaintiff's first claim under § 1983.

### 3. Sufficiency of the Allegations

The Supreme Court has held that "all claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard." <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989); <u>Forrester v. City of San Diego</u>, 25 F.3d 804, 806 (9th Cir. 1994). The Complaint appropriately alleges a Fourth Amendment claim, the sufficiency of which is not at issue in Defendants' motion to dismiss. However, the pleadings also allege violations of the First, Fifth, Eighth and Fourteenth Amendments. Compl. ¶ 25. As such, Defendants move to dismiss Plaintiff's first claim under § 1983 to the extent it relies on constitutional violations *other than* the Fourth Amendment. The Court discusses each claim, in turn.

#### *a) First Amendment*

Plaintiff's First Amendment claim is based on Officer Canady's use of force, which allegedly was in retaliation for Plaintiff's inquiry as to why he was being ordered to lay down. Opp'n at 9 (citing Compl. ¶ 10). Questioning an officer's authority arguably is protected speech. <u>See</u> <u>City of Houston v. Hill</u>, 482 U.S. 451, 461 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.").[3] Nonetheless, the person allegedly violating Plaintiff's First Amendment rights is Officer Canady, who is employed by the City of Oakley, not the City of Pittsburg. Compl. ¶ 5. Moreover, a municipality's liability for such conduct must be pursuant to policy, custom or practice of denying citizens their First Amendment rights, which is not

---

[3] In order to state a claim for a First Amendment violation, a plaintiff must allege (1) that he was engaged in a constitutionally protected activity, (2) that the officers' actions would chill a person of ordinary firmness from continuing to engage in that activity and (3) that the protected activity was a substantial or motivating factor in the officers' conduct. <u>See</u> <u>Mendocino Envtl. Ctr. v. Mendocino Cnty.</u>, 192 F.3d 1283, 1300-01 (9th Cir. 1999).

alleged here.  Accordingly, Plaintiff's § 1983 claim is dismissed without leave to amend as to Defendants insofar as it based on a violation of the First Amendment.

### b)    Fifth Amendment

The Fifth Amendment to the United States Constitution states as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend V.  In neither his Complaint nor his opposition to Defendants' opposition brief does Plaintiff identify what conduct supports his claim that Defendants violated the Fifth Amendment or that Defendants had a policy, custom or practice of violating an individual's Fifth Amendment rights.  In any event, the Fifth Amendment only applies to the federal government.  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("the Fifth Amendment's due process clause only applies to the federal government").  Because Defendants are alleged to be state and not federal actors, Plaintiff's Fifth Amendment claim must fail.  Plaintiff's § 1983 claim is dismissed without leave to amend insofar as it is based on a violation of the Fifth Amendment.

### c)    Eighth Amendment

Defendants contend that Plaintiff has failed to allege any facts to support a claim under the Eighth Amendment.  Plaintiff does not respond to Defendants' contention.  In addition, the Court notes that the Eighth Amendment only applies to excessive force claims brought by convicted inmates.  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Accordingly, Plaintiff's § 1983 claim is dismissed without leave to amend insofar as it is based on a violation of the Eighth Amendment.

### d) *Fourteenth Amendment*

Defendants argue that Plaintiff may not predicate his excessive force claim on the Due Process Clause of the Fourteenth Amendment because such a claim must be construed solely under the Fourth Amendment. The Court agrees. The Supreme Court in Graham held that the Fourth Amendment "and its 'reasonableness' standard"—as opposed to the Fourteenth Amendment—govern excessive force claims arising during an investigatory stop. 490 U.S. at 395; Tekle v. United States, 511 F.3d 839, 844 (9th Cir. 2007) (applying Graham and noting that the legal framework for analyzing excessive force claims under the Fourth Amendment is "clearly established.").

Ignoring Graham, Plaintiff argues that the Ninth Circuit's decision in Bingue recognizes that an excessive force claim may be pursued under the Fourteenth Amendment. Not so. Bingue involved a § 1983 action brought by the driver of a vehicle struck by a police vehicle engaged in a high speed pursuit of another. 512 F.3d at 1174-77. The court held that in the context of a substantive due process claim under the Fourteenth Amendment, the "intent to harm" standard "applies to all high-speed chases." Id. at 1177. This case does not involve the injury of a bystander resulting from a high speed chase. Rather, it involves the allegedly excessive use of force against a putative arrestee. In that situation, the Supreme Court has made it clear that the Fourth Amendment is the applicable constitutional provision. Graham, 490 U.S. at 395. Therefore, Plaintiff's § 1983 claim is dismissed without leave to amend insofar as it is based on a violation of the Fourteenth Amendment.[4]

### B. ASSAULT AND BATTERY, IIED AND NEGLIGENCE

Defendants next move to dismiss Plaintiff's claims for assault and battery (second claim), IIED (third claim) and negligence (sixth claim) on the grounds that they are

---

[4] Though not mentioned by the parties, the Court notes that the Fourth Amendment is applicable to the States through the Fourteenth Amendment. Maryland v. Pringle, 540 U.S. 366, 369 (2003). Thus, Plaintiff's reference to the Fourteenth Amendment in his Complaint is not superfluous. However, Plaintiff cannot state a claim directly under Fourteenth Amendment.

common law torts from which they are immune from suit.  Under California law, "a public entity is not liable for injury arising from an act or omission except as provided by statute." Hoff v. Vacaville Unified Sch. Dist., 19 Cal.4th 925, 932 (1998) (citing Cal. Gov. Code § 815(a)).  As a result, "there is no common law tort liability for public entities in California."  Torres v. Department of Corrections and Rehabilitation, 217 Cal.App.4th 844, 881 (2013) (affirming order sustaining demurrer to complaint which sounded in negligence).

Plaintiff tacitly concedes that he cannot directly sue Defendants for common law tort violations, but instead contends that they are vicariously liable for the acts or omissions of their employees.  California Government Code § 815.2(a) provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment . . . ."  "Through this section, the California Tort Claims Act expressly makes the doctrine of respondeat superior applicable to public employers."  Hoff, 19 Cal.4th at 932.

While § 815.2 may supply Plaintiff with a viable theory of liability, the Complaint does not expressly premise Defendants' liability under the doctrine of respondeat superior.  If a claim is not pled in the Complaint, it is not properly before the Court.  See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) ("'new' allegations contained in the [plaintiff]'s opposition . . . , are irrelevant for Rule 12(b)(6) purposes.").  Accordingly, the Court dismisses Plaintiffs second, third and sixth claims as to Defendants with leave to amend to allege liability under Government Code § 815.2(a).

### C.    CALIFORNIA CIVIL CODE § 51.7

Plaintiff's fourth claim alleges a violation of the Ralph Act, California Civil Code § 51.7, which proscribes the use of force on account of a person's race, color, ancestry, or national origin.  See Austin B. v. Escondido Union Sch. Dist., 149 Cal.App.4th 860, 880-81 (2007).  To state a claim under § 51.7, the plaintiff must allege:  (1) that the defendant threatened or committed violent acts against the plaintiff or his or her property; (2) that a motivating reason for the defendant's conduct was his or her perception of race (or other

protected status); (3) that the plaintiff was harmed; and (4) that the defendant's conduct was a substantial factor in causing the plaintiff harm. Id.

Defendants assert there are no allegations that City of Pittsburg police officers "acted violently towards Plaintiff or threatened violence against him." Mot. at 8. This contention is wholly without merit. The Ninth Circuit has held that the "pointing of a gun at someone may constitute excessive force, even if it does not cause physical injury." Tekle, 511 F.3d at 845; see also Robinson v. Solano Cnty., 278 F.3d 1007, 1013-14 (9th Cir. 2002) (holding that the officers' use of a drawn gun at close range when they pointed the gun at the head of unarmed misdemeanor suspect is actionable) (en banc). Here, the conduct arguably is more egregious in that Defendants' officers arrived on scene with their guns drawn, while taunting Plaintiff and insulting him and ordering him to remain on the ground as he was being viciously attacked by a police dog. Compl. ¶ 13.

Although Plaintiff has adequately alleged the threat or commission of violent acts, he has insufficiently alleged that the motivating reason for Defendants' conduct was their perception of his race. The pleadings merely allege that Plaintiff was "recognizable as a Hispanic" without any accompanying facts demonstrating or suggesting that he was targeted *because of* his ethnicity. Such allegations fall short of the pleading standard established in Iqbal and Twombly. Plaintiff's fourth claim is therefore dismissed with leave to amend to allege facts establishing that a motivating reason for Defendants' conduct was their perception of Plaintiff's race.

### D.     CALIFORNIA CIVIL CODE § 52.1

Plaintiff's fifth cause of action alleges that Defendants violated the Bane Act, California Civil Code section 52.1. See In re Joshua H., 13 Cal.App.4th 1734, 1748 n.9 (1993). The Bane Act "provides that a person may bring a cause of action 'in his or her own name and on his or her own behalf' against anyone who 'interferes by threats, intimidation or coercion,' with the exercise or enjoyment of any constitutional or statutory right." Bay Area Rapid Transit Dist. v. Superior Court, 38 Cal.App.4th 141, 144 (1995) (quoting Cal. Civ.Code § 52.1). "Section 52.1 does not provide any substantive

protections; instead, it enables individuals to sue for damages as a result of constitutional violations." Reynolds v. County of San Diego, 84 F.3d 1162, 1170 (9th Cir. 1996), overruled on other grounds, Acri v. Yarian Assocs., Inc., 114 F.3d 999 (9th Cir. 1997). Critical to a Bane Act cause of action is the allegation that the defendant specifically used threats, intimidation, or coercion. Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 883 (2007).

Defendants contend, without citation to any decisional authority, that the officers' act of drawing their guns is insufficient to constitute a threat, intimidation or coercion within the meaning of § 52.1. However, the Complaint alleges that the officers' drew their guns, taunted Defendant, and called him insulting names while shouting at him to remain on the ground as he was being attacked by the police dog. Compl. ¶ 13. The combination of these facts is sufficient to show the use of threats, intimidation or coercion. E.g., Cameron v. Buether,. No. 09-CV-2498-IEG (WMc), 2010 WL 1202318, at *5 (S.D. Cal. Mar. 23, 2010) (allegations that a team of deputies entered plaintiff's home with guns drawn in a SWAT-like raid was sufficient to show threatening, intimidating or coercive conduct to state a claim under Civil Code § 52.1); see also Espinosa v. City & Cnty. of S.F., 598 F.3d 528, 537 (9th Cir. 2010) ("pointing a loaded gun at a suspect, employing the threat of deadly force, is use of a high level of force."). The Court thus denies Defendants' motion to dismiss Plaintiff's fifth claim for violation of Civil Code § 52.1.

### E.   PUNITIVE DAMAGES

Plaintiff concedes that he cannot pursue punitive damages against Defendants. See Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code [governing exemplary damages] or other damages imposed primarily for the sake of example and by way of punishing the defendant."). Therefore, Plaintiff's punitive damage claim is dismissed as to Defendants without leave to amend.

//

//

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss Complaint is GRANTED IN PART and DENIED IN PART, as follows:

   a. Plaintiff's first claim for violation of 42 U.S.C. § 1983 is DISMISSED WITHOUT LEAVE TO AMEND as to Defendant Pittsburg Police Department.

   b. Plaintiff's first claim for violation of 42 U.S.C. § 1983 is DISMISSED WITHOUT LEAVE TO AMEND as to Defendants, insofar as it is based on violations of the First, Fifth, Eighth and Fourteenth Amendments.

   c. Plaintiff's second, third and sixth claims for assault and battery, IIED and negligence, respectively, are DISMISSED WITH LEAVE TO AMEND.

   d. Plaintiff's fourth claim for violation of California Civil Code § 51.7 is DISMISSED WITH LEAVE TO AMEND.

   e. Plaintiff's claim for punitive damages as to Defendants is DISMISSED WITHOUT LEAVE TO AMEND.

2. Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a First Amended Complaint, consistent with the Court's rulings and Rule 11 of the Federal Rules of Civil Procedure. In the event Plaintiff fails to file an amended complaint within that time-frame, the dismissal of Plaintiff's claims, as discussed above, will be with prejudice.

IT IS SO ORDERED.

Dated: November 1, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge